SEE, Justice
(concurring specially).
In this ease, the jury awarded $225,838 in punitive damages and $100,000 in compensatory damages — a 2.26:1 ratio. This ratio of punitive damages to compensatory damages is lower than the 3:1 benchmark set forth in my special writing in Life Insurance Co. of Georgia v. Johnson, 701 So.2d 524, 535, 539 (Ala.1997) (See, J., concurring in part and dissenting in part). Accordingly, in my view, heightened scrutiny of the trial court’s determination at the Hammond/Green Oil[1] hearing is not warranted. Although the punitive award in this case could exceed 10% of one computation of Doyle Bryant’s estimated net worth, net worth is but one aspect of a defendant’s financial position. A defendant’s financial position, in turn, is but one of several Hammond/Green Oil factors. See Johnson, 701 So.2d at 541 (discussing the ratio of punitive damages to compensatory damages, the reprehensibility of the defendant’s conduct, the size of similar criminal and civfl sanctions, the profitability of the conduct to the defendant, and the costs of litigation). In this case, Bryant misappropriated over $950,-000 of his former partner’s business, in direct violation of a court order. Considering all of *901 the Hammond/Green Oil factors, and especially the reprehensibility of Bryant’s conduct, I cannot say that the trial court erred in determining that the award was reasonable.

. Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986); Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989).